### LANGMAID, *Ex'r*, v. HURD & a.

D by will gave to "H and family, jointly" one thousand dollars.   *Held*, that the legacy should be divided in equal shares between H, his wife, and daughter, who constituted the family at the death of the testator, and that a child born afterwards took nothing.

BILL IN EQUITY, by the executor of Charles C. Drake, asking direction from the court as to his duty under the following clause in the will: "I give and bequeath unto Frank Hurd and family, jointly, the sum of one thousand dollars."   At the time of Drake's death the family of Frank Hurd, besides himself, consisted of his wife and one daughter, now about six years old.   Since then another daughter has been born, who is now about three months old.

*H. G. Sargent*, for the plaintiff.

*E. H. Woodman*, for the defendants.

DOE, C. J.   The bequest "unto Frank Hurd and family, jointly," is not a clear expression of an intention to create a joint tenancy.   The testator seems to use the word "jointly" in its ordinary sense, to signify such a collective body as "joint heirs," who are "deemed tenants in common."   G. L., *c.* 135, *ss.* 14, 15.   A gift to Frank and his family of a carriage "for family use," or of a house "for a family home," might keep the property undivided during Frank's life, or so long as the donees desired to hold it in common.   Here is a gift of money with no expressed purpose, and no evidence sufficient for the inference of a purpose, that the fund shall be or may be unequally divided or unequally enjoyed, or shall be held in trust, or that the ascertainment of the number and identity of the legatees and the amount of Frank's share shall be postponed until Frank's death.   The will does not expressly fix the time when a person must be a member of Frank's family in order to receive a share of the one thousand dollars.   If the testator

had meant the money should not be distributed in Frank's lifetime, it is probable that the will would not have been silent on that point. If Frank's share is ever to be paid to him, the day of the testator's decease, when the will became operative, is the time probably intended for finding the legatees described as Frank's "family." Had the testator's attention been called to the effect of the will in view of various contingencies, he might not have left it in its present form. The words he used give the one thousand dollars, in equal shares, to Frank and his wife and child, who were Frank's family at the time of the testator's death, to the exclusion of the child subsequently born.

*Case discharged.*

BLODGETT, J., did not sit: the others concurred.